UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-812-RJC

| ROGER LEE DEAL, SR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| NC DEPARTMENT OF CORRECTIONS, Lawrence Parsons, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1), and on Plaintiff's Motion for Summary Judgment, (Doc. No. 8).

I. BACKGROUND

Pro se Plaintiff Roger Lee Deal, Sr., is an inmate currently incarcerated at Scotland Correctional Institution, in Laurinburg, North Carolina, after being convicted in state court on January 18, 2002, of second-degree murder. Plaintiff filed this action on December 10, 2012, naming "NC Department of Corrections" and Lawrence Parsons as Defendants. (Doc. No. 1). Lawrence Parsons is identified in the Complaint as the Warden of Lanesboro Correctional Institution, where Plaintiff was previously incarcerated. (Id.).

Plaintiff alleges that Defendants violated his First Amendment and Eighth Amendment rights based on the following allegations in his Complaint:

> I was assault[ed] by a[n] inmate here at Lanesboro and was hit in the mouth w[h]ere my lip was split and my back hurt and after I was out of segregation I started getting threats from other inmates that are in a gang. This was at the first of 2012. I ask[ed] for protective custody and was put back into segregation. My programmer told me that I

1

would not go back on population and would be ship [sic]. Later I was told to pack up I was going back to population, in which I refused because of fear for my safety. I was then put in ICON. [A]fter 6 months they told me I would be getting out because of good behavior, but instead they gave me 6 six more months in ICON. Now I am deny [sic] my First Amendment rights to free exercise of religion to get my Christmas package that was order[ed] by my daughter April Cruz.

(Doc. No. 1 at 4). As requested relief, Plaintiff asks "[t]o be allow[ed] to get my Christmas package and nominal and punitive damages for a prolong stay in ICON a year for a[n] assault [where] I was not at fault and had my lip sp[l]it open having to go to the hospital to have lip sown up and sever[e] back pain w[h]ere I had L4-L-5 fused by Dr. Price in 2007 in which I now have to take methadone[e] 20 mg three times a day, and any other award that the judge may seem fit." (Id.).

## II. DISCUSSION

The Court first notes that, in response to Plaintiff's application to proceed in forma pauperis filed with his Complaint, on January 17, 2013, the Clerk of this Court issued an Order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison trust fund account until Plaintiff's filing fee of $350.00 was paid in full. (Doc. No. 7). The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998) (discussing the Prison Litigation Reform Act ("PLRA")). Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff is a frequent filer of civil rights actions. Plaintiff has filed five civil rights actions in this Court and, as of June 2012, he had filed at least 14 cases in the Eastern District of North Carolina. See Deal v. Cooper, Case No. 5:11-ct-03169, Doc. No. 6 at 1 n.1 (E.D.N.C.) (listing cases). At least four of Plaintiff's previously filed civil rights actions have been dismissed on the grounds that they were frivolous or for failure to state a claim upon which relief may be granted. See Deal v. Mim, Case No. 3:12cv363, Order, Doc. No. 12 (W.D.N.C.) (dismissed on August 8, 2012, for failure to state a claim, no appeal taken); Deal v. Cooper, Case No. 5:11-ct-03169, Order, Doc. No. 6 (E.D.N.C.) (dismissed on June 22, 2012, as frivolous, no appeal taken); Deal v. Ivarsson, Case No. 5:11-ct-3161-F, Order, Doc. No. 6 (E.D.N.C.) (dismissed on January 18, 2012, as frivolous, no appeal taken); Deal v. Hicks, Case No. 5:10-ct-03195-BO, Order, Doc. No. 11 (E.D.N.C.) (dismissed as frivolous on April 4, 2011, aff'd, 441 F. App'x 978 (4th Cir. 2011)). Plaintiff is, therefore, subject to 28 U.S.C. § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury. Plaintiff's Complaint fails to demonstrate that he is under imminent danger of serious physical injury as required by § 1915(g). The Court, therefore, finds that the Clerk's prior order requiring partial periodic deductions from Plaintiff's trust fund account is terminated. Furthermore, the Court will give Plaintiff twenty (20) days in which to pay the remainder owed on his account to pay the full filing fee. That is, Plaintiff shall pay the amount owed between the full filing fee in this matter and the amount already deducted from his trust fund account. If Plaintiff fails to pay the full amount owed within twenty (20) days of entry of this Order, this action shall be dismissed without further notice.

### III. CONCLUSION

For the reasons stated herein, the Court's prior order requiring periodic monthly

payments from Plaintiff's trust fund account is rescinded, and Plaintiff shall be given twenty (20) days in which to file the full, remaining amount of the filing fee that he owes in this matter.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff shall be given twenty (20) days from entry of this Order in which to pay the full amount owed on his filing fee. If Plaintiff fails to pay the full amount owed within such time, this matter shall be dismissed with prejudice and without further notice.

2. The Clerk is directed to note on the docket that, pursuant to 28 U.S.C. § 1915(g), Plaintiff must pay the full filing fee in any civil rights lawsuits filed in any federal district court <u>unless he can show that he is under imminent danger of serious physical injury as required by § 1915(g)</u>.

3. The Clerk is directed to mail this Order to the Eastern and Middle Districts of North Carolina.

Signed: January 15, 2014

Robert J. Conrad, Jr.
United States District Judge